WAYNE COUNTY DEPARTMENT OF HEALTH v CHRYSLER
CORPORATION

NOSAL v CHRYSLER CORPORATION

1. PARTIES—INTERVENTION—COURT RULES.
    Intervention as plaintiffs in an action to abate air pollution is not
    by right, but permissive, where the intervenors have not estab-
    lished that the representation of their interest by existing
    parties is or may be inadequate (GCR 1963, 209.1).

2. PARTIES—PERMISSIVE INTERVENTION—APPEAL AND ERROR—DISCRE-
    TION—COURT RULES.
    No relief will be granted on appeal where an order allowing the
    intervention of certain parties is reversed, when the original
    intervention is permissive and there is no abuse of discretion
    (GCR 1963, 209.1).

Appeal from Wayne, Joseph G. Rashid, J. Sub-
mitted Division 1 June 12, 1972, at Detroit.
(Docket No. 12919.) Decided September 28, 1972.
Leave to appeal applied for.

Complaint by the Wayne County Department of
Health against Chrysler Corporation to enjoin fur-
ther air pollution from defendant's Huber
Foundry. Rev. Joseph C. Nosal and others, and
Frank J. Kelley, Attorney General, intervened as
plaintiffs. The order allowing intervention was
reversed prior to the entry of a consent judgment.

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parties § 129 et seq.
    61 Am Jur 2d, Pollution Control § 133.
[2] 5 Am Jur 2d, Appeal and Error §§ 175, 859.

Defendant Nosal appeals that reversal order. Affirmed.

*Wenger & Vande Vrede,* for intervening plaintiff Nosal.

*Walter B. Maher,* for defendant.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Per Curiam. This suit was brought by plaintiff Wayne County Department of Health seeking to enjoin further air pollution emanating from defendant Chrysler Corporation's Huber Foundry. The suit was brought pursuant to the "Thomas J. Anderson, Gordon Rockwell Environmental Protection Act of 1970". (MCLA 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

Several hundred individuals who reside in the immediate vicinity of the foundry sought, and were granted, the status of intervening plaintiffs. Prior to the entry of a consent judgment, the court below reversed its previous order allowing this intervention. Intervening plaintiffs remained in the action as *amicus curiae.*

On appeal intervening plaintiffs argue that their intervention in the lawsuit was by right pursuant to GCR 1963, 209.1(3). However, in the words of that rule, they have not established that "the representation of the applicant's interest by existing parties is or may be inadequate". Their intervention was therefore permissive, and we further find no abuse of discretion in the trial court's reversal of its prior order.

Affirmed.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.